OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by the Third Department on January 23, 1996, and formerly maintained an office in Auburn. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including failing to pay funds to a party entitled thereto, failing to cooperate in the investigation of the Grievance Committee, and failing to register as an attorney. Although respondent was personally served with the petition, he thereafter failed to file a response or to appear on the return date thereof. By order entered June 23, 2015, this Court advised respondent that, if he continued to fail to respond to the petition, the Court would suspend him from the practice of law. Although respondent thereafter filed an affidavit in response to the petition, that submission was not in proper form because it failed to address each allegation in the petition. Although the Clerk of this Court, by letter, requested that respondent file an answer in proper form, respondent failed to respond to that request and otherwise failed to contact the Court. By order entered July 31, 2015, this Court directed respondent to file an answer in proper form and to show cause why the charges of misconduct should not be sustained. Although respondent was personally served with that order, he thereafter failed to file an answer in proper form or to contact the Court. By order entered September 16, 2015, this Court suspended respondent from the practice of law and directed him to appear on October 27, 2015, and to show cause why a final order of discipline should not be entered based on his default in this proceeding and his failure to comply with the rules and prior directives of this Court. Although respondent was personally served with that order on September 21, 2015, he failed to file a response or to appear on the return date thereof. Consequently, we find respondent in default and deem the allegations of the petition to be admitted.
Respondent admits that, in 2012, the Office of Court Administration audited vouchers that he had submitted to *50 certain assigned counsel programs in 2009 and 2010 and determined that, due to inappropriate billing practices, he had been overpaid a total of $16,055 in relation to 38 matters. Respondent admits that, although in 2013 he entered into a payment plan to repay those funds and subsequently assured the Grievance Committee that the funds would be repaid, he has failed to comply with the terms of the payment plan and has otherwise failed to repay the funds. Respondent additionally admits that, since 2012, he has failed to comply with attorney registration requirements, and that he failed to cooperate with the Grievance Committee’s investigation in this matter.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.15 (c) (4) — failing to pay or deliver to a third person in a prompt manner as requested by the third person the funds, securities or other properties in his possession that the third person is entitled to receive;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
Additionally, respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.
We have considered, in determining an appropriate sanction, the nature of respondent’s admitted misconduct, his failure to cooperate in the investigation of the Grievance Committee, and his failure to comply with the rules and directives of this Court in this proceeding. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of one year, effective September 21, 2015, and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must in his application for reinstatement sufficiently explain the circumstances of his default herein and establish that he has repaid the funds that he admittedly owes to the assigned counsel programs.
We deny the request of the Grievance Committee to order respondent to make monetary restitution for the overpayments he received from the assigned counsel programs. The petition *51 alleges and respondent admits only that those overpayments resulted from inappropriate billing practices. Accordingly, we conclude that the Grievance Committee has failed to establish by a preponderance of the evidence that respondent “wilfully misappropriated or misapplied money or property in the practice of law” within the meaning of Judiciary Law § 90 (6-a) (a).
Centra, J.P., Peradotto, Lindley and Whalen, JJ., concur.
Final order of suspension entered.